IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

v.

**IRMA JONES and
ROSALYN ROSS,**

**Defendants.**                                          No. 13-30156-DRH

### ORDER

**HERNDON, Chief Judge**:

    Now before the Court is defendants' motion in limine (Doc. 35).[1] Defendants move in limine to prohibit the government from introducing into evidence a "misstatement in the application for services signed by Defendant Irma Jones that identifies Rosalyn Ross as being the 'niece' of Defendant Irma Jones." Defendants claim that this "misstatement is immaterial to any of the charges … because the familial relationship between Defendant and co-defendant Rosalyn Ross does not impact Irma Jones' eligibility for benefits and the government would have funded the services regardless of whether Rosalyn Ross was Irma Jones' niece or daughter." Further, defendants maintain that any probative value of this is substantially outweighed by danger of unfair prejudice, confusion of the issues, or

---

1 On November 18, 2013, the Court granted Ross' motion to join in Jones' motion in limine (Doc. 41).

the misleading of the jury. The government opposes the motion (Doc. 39). The Court denies the motion.

Federal Rule of Evidence 401 provides:

> Evidence is relevant if:
> (a) it has a tendency to make a fact more or less probable than it would without the evidence; and
> (b) the fact is of consequence in determining the action.

Here, defendants are charged with defrauding Medicaid by submitting time sheets and receiving payments for personal assistant services not performed and with making false statements that Ross performed hours of personal assistant would for Jones, when Ross did not perform the services. Pursuant to Rule 401, the Court finds that the evidence is relevant as it is probative of Jones' willingness to make false statements in furtherance of the scheme to defraud and it is relevant to show that Jones knowingly made a false statement on her application. Further, by analysis pursuant to Rule 403, the Court finds the probative value of this evidence outweighs any danger of unfair prejudice to the defendants.

Accordingly, the Court **DENIES** the motion in limine (Doc. 35).

**IT IS SO ORDERED.**

Signed this 22nd day of November, 2013.

David R. Herndon
2013.11.22
05:00:32 -06'00'

**Chief Judge**
**United States District Court**